IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:15-CV-377-F

| | |
|---|---|
| STEWART ENGINEERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, ZURICK AMERICAN INSURANCE COMPANY, SKANSKA USA BUILDING, INC., and CLARK NEXSEN, INC., <br><br> Defendants. | |

### DEFENDANT CLARK NEXSEN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR DROP PARTY

NOW COMES Defendant Clark Nexsen, Inc., by and through undersigned counsel, pursuant to Local Rule 7.2 files this Memorandum in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively to Drop a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### Nature of the Case

This is an action to determine the rights of Plaintiff Stewart Engineering, Inc. With respect to the terms of its Professional Services Liability insurance provided by Defendant Continental Casualty Company ("Continental"). In particular, Plaintiff seeks a declaration that the collapse of two separate pedestrian bridges during their construction constitute two separate occurrences as defined by the contract of insurance. Plaintiff's Amended Complaint seeks a declaration against Continental that the two separate bridge collapses are separate occurrences

and not related as defined by the contract and seeks the recovery of damages against Continental for breach of the contract of insurance.

All of the other Defendants in this action have claims or potential claims against Plaintiff. Although each has potential claims against Stewart, **no claim, counterclaim, or cross-claim in this action seeks to adjudicate the rights of any other Defendant, including Clark Nexsen, with respect to the bridge collapses.**

### Statement of Facts

Wake Technical Community College ("Wake Tech") contracted with Clark Nexsen[1] to design, among other things, two pedestrian bridges. (D.E. 8 ¶¶ 18, 21) Clark Nexsen contracted with Stewart to provide structural engineering and design services for the bridges. (D.E. 8 ¶ 20) Pursuant to this contract Stewart purchased a professional liability insurance policy from Continental. (D.E. 8 ¶ 30)

Both bridges collapsed in November 2014, and Stewart disagrees with Continental about the amount of coverage under the policy for the collapses. Thus, Stewart filed this lawsuit seeking a declaration that Continental is obligated to defend and indemnify Stewart up to the aggregate policy limit of $5,000,000. (D.E. 8 ¶¶ 1, 2).

Stewart has not asserted any claim for relief in this matter against Clark Nexsen.

### Argument

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts

---

[1] The contract was actually between Pearce, Brinkley, Cease & Lee, P.A., which merged with Clark Nexsen in March of 2013.

2

Case 5:15-cv-00377-D    Document 46    Filed 08/19/16    Page 2 of 6

in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). In this case, not only is the stated standard met demanding dismissal but Plaintiff has not even alleged that the stated facts entitled it to any form of relief against Defendant Clark Nexsen.

In short, Plaintiff seeks a declaration that Defendant Continental Casualty Company is liable for the aggregate amount ($5,000,000) in claims and not limited to the single occurrence amount ($3,000,000) and that Plaintiff was damaged by Continental's contrary position. If Plaintiff prevails no relief will be granted to it against Clark Nexsen. Nor will the extent of Plaintiff's liability to Clark Nexsen be determined in this matter. Likewise, if Defendant Continental prevails on its counterclaim for declaratory relief no relief will be granted to it against Clark Nexsen.

The Amended Complaint therefore fails to state a claim against Clark Nexsen upon which this Court could enter judgment. The Amended Complaint should therefore be dismissed as to Clark Nexsen.

In the alternative, the Court has broad discretion to drop parties under Rule 21, and this discretion is not limited to cases where a party is technically misjoined. *Carpenter v. Babalola*, 2:11-CV-18, 2012 WL 1836015, at *1 (W.D.N.C. Apr. 6, 2012) (unpublished), *report and recommendation adopted,* 2:11-CV-18, 2012 WL 1835902 (W.D.N.C. May 21, 2012). This rule has been used to dismiss a defendant when no claims were asserted against it and its presence was unnecessary under Rule 19. *Conner v. Duncan*, 1:12-CV-92, 2015 WL 1475718, at *4 n. 1 (M.D.N.C. Mar. 31, 2015) (unpublished) ("Because there are no claims asserted against Western Financial Services, Inc. as a corporate entity, its presence in this suit is not required by Federal

3

Rule of Civil Procedure 19, and it may be dropped as a party pursuant to Federal Rule of Civil Procedure 21.")

In this lawsuit, no claims are asserted against Clark Nexsen so it should be dropped from the case because it is not a required party under Rule 19.

Rule 19 provides that a required party is a party who:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest related to the subject of the action and is so situated that disposing of the action in that person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). First, Clark Nexsen's absence will not impact this Court's ability to accord complete relief. The only relief sought is a declaration of the terms of the insurance contract – and potential damages related to the terms of the contract – between Stewart and Continental. Clark Nexsen is not a party to that agreement.

Second, Clark Nexsen will not be prejudiced if it is not a party to this lawsuit. Clark Nexsen has a valid claim or claims against Plaintiff. Any liability of Defendant Continental to Clark Nexsen is derivative and no decision on the claims in this matter will impact Plaintiff's potential liability to Clark Nexsen.

On the other hand, Clark Nexsen has incurred and will continue to incur costs related to discovery, mediation, dispositive motions, and trial related to claims that fail to seek any relief from Clark Nexsen.

For these reasons, Clark Nexsen respectfully request that the Court drop it from the lawsuit as no claims are asserted against it and it is not a required party under Rule 19.

4

Respectfully submitted, this 19th day of August, 2016.


                              MEYNARDIE & NANNEY, PLLC


                              By: */s/ Robert A. Meynardie*
                              Robert A. Meynardie
                              NC State Bar No. 20566
                              Crosspointe II
                              2840 Plaza Place, Suite 360
                              Raleigh, NC 27612
                              Telephone: (919) 786-2504
                              Facsimile: (919) 324-3693
                              Email: bob@mnlaw-nc.com
                              *Attorney for Defendant Clark Nexsen, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has filed the foregoing this 19th day of March, 2016 through the Court's CM/ECF system and the same will be served electronically.

                                                */s/ Robert A. Meynardie*
                                                Robert A. Meynardie