IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-377-F

| | |
|---|---|
| STEWART ENGINEERING, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONTINENTAL CASUALTY )<br>COMPANY, ZURICH AMERICAN )<br>INSURANCE COMPANY, SKANSKA )<br>USA BUILDING, INC., and CLARK )<br>NEXSEN, INC., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Before the court is the motion of Clark Nexsen, Inc. to dismiss pursuant to Rule 12(b)(6) and (c), or alternatively, Rule 21 of the Federal Rules of Civil Procedure. [DE 45]. Plaintiff did not respond.

## I. BACKGROUND

Plaintiff brings suit against its insurer, Continental Casualty Company ("CNA"),[1] pursuant to 28 U.S.C. § 2201 seeking an adjudication of its rights and obligations under the Architects/Engineers Professional and Pollution Incident Liability Insurance ("the Policy") issued by CNA. In particular, Plaintiff seeks a declaration that CNA is obligated to defend and indemnify Plaintiff in connection with claims[2] against Plaintiff relating to the separate collapses of two pedestrian bridges located on the Wake Technical Community College ("WTCC")

---

[1] The parties identify Continental Casualty Company by the acronym, CNA. For consistency purposes, the court does the same.

[2] Plaintiff classifies the claims as follows: (1) the Rosales-Nava/Lopez claims; (2) the Chavez/Hernandez/Vargas claims; (3) the Skanska/Zurich claims; (4) the Clark Nexsen claim; and (5) the WTCC claims. These claims include wrongful death, personal injury and property damage. Am. Compl. ¶ 2.

Northern Campus in Raleigh, North Carolina.

According to the amended complaint, WTCC contracted with Clark Nexsen, Inc. ("Clark Nexsen")[3] to provide architectural design services for the design of, *inter alia*, two pedestrian bridges. Am. Compl. ¶¶ 18, 20-21. Clark Nexsen contracted with Stewart to provide structural engineering design services for both bridges. *Id.* ¶ 20. Subsequently, CNA issued the Policy with a policy term from April 21, 2014 to April 21, 2015. *Id.* ¶ 30; [DE 25-1 at 2]. On November 13, 2014, the first bridge collapsed. The second bridge collapsed on November 14, 2014. Am. Compl. ¶¶ 27-28. In April 2015, Plaintiff contacted CNA regarding coverage for claims made against the Policy associated with the collapsed bridges. *Id.* ¶ 71. CNA informed Plaintiff that the Policy's per claim $3,000,000 limit of liability applied to all claims arising out of the collapse of both bridges. *Id.* Plaintiff disputes CNA's interpretation of the Policy and argues CNA has an obligation to indemnify Plaintiff up to the aggregate policy limit of $5,000,000. *Id.* ¶ 2.

## II. LEGAL STANDARD[4]

Rule 21 governs the misjoinder of parties and allows the court to, *inter alia*, drop a party. FED. R. CIV. P. 21. "Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit." *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004). Misjoinder occurs when a single party or multiple parties fail to satisfy the requirements for permissive joinder under Rule 20. *See id.* Under Rule 20, multiple defendants may be joined in one action where: (1) "any right to relief is

---

[3] The original contract was between WCCC and Pearce Brinkley Cease & Lee, P.A. ("Pearce"). Subsequently, Pearce merged with Clark Nexsen. For ease of reference, the court refers to Clark Nexsen.

[4] Because the court resolves this motion based on Federal Rule of Procedure 21, the court does not reach Clark Nexsen's alternative requests for dismissal for failure to state a claim or dismissal on the pleadings pursuant to Rule 12(b)(6) and 12(c), respectively. Accordingly, it does not address the legal standards governing Rule 12(b)(6) and 12(c).

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). It is well-settled that a district court has broad discretion under Rule 21. Matthew Bender, Moore's Federal Practice § 21.05 (3d ed. 2011) ("Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it.").

### III. DISCUSSION

Plaintiff brings two causes of action: (1) declaratory judgment and (2) breach of contract. Both claims are against CNA only. Plaintiff asserts no claims against Clark Nexsen. Rather, in its amended complaint, Plaintiff states only that Clark Nexsen is "named in this action in order to adjudicate any rights [it has], or allegedly ha[s], under [the Policy]."[5] Am. Compl. ¶ 3. Moreover, there is no question of law or fact common to all defendants. Plaintiff brought this action seeking a declaration that CNA is obligated to defend and indemnify Plaintiff up to the aggregate limit ($5,000,000.00) of the Policy and that in failing to defend and indemnify Plaintiff, CNA breached its obligation under the Policy. Accordingly, the court finds the dismissal of Clark Nexsen pursuant to Rule 21 is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Clark Nexsen's Motion to Dismiss or Drop Party [DE 45] is ALLOWED. Clark Nexsen is DISMISSED WITHOUT PREDJUDICE from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

---

[5] Plaintiff also provides the same rationale for naming Zurich American Insurance Company and Skanska USA Building, Inc. as defendants. Am. Compl. ¶ 3.

*Stewart Eng'g, Inc. v. Continental Casualty Co. et al.*
No. 5:15-CV-377-F
Page 4

SO ORDERED.

This the 16th day of November, 2016.

JAMES C. FOX
Senior United States District Judge