**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Civil Action No.: 5:15-CV-377-F**

| | | |
|---|---|---|
| **STEWART ENGINEERING, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **CONTINENTAL CASUALTY** | ) | **ZURICH AMERICAN INSURANCE** |
| **COMPANY, ZURICH AMERICAN** | ) | **COMPANY'S MOTION FOR** |
| **INSURANCE COMPANY, SKANSKA** | ) | **MISJOINDER** |
| **USA BUILDING, INC., and CLARK** | ) | |
| **NEXSEN, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Defendant, Zurich American Insurance Company ("ZAIC"), by and through the undersigned counsel and for the reasons more fully set forth in ZAIC's Supporting Memorandum of Law, which ZAIC has contemporaneously filed herewith, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 19, 20 and 21, to drop ZAIC as a party. In support of this Motion, ZAIC states the following:

1. On November 23, 2015, Plaintiff, Stewart Engineering, Inc. ("Stewart") filed its Amended Complaint, which named, among others, ZAIC as a defendant. *See* ECF Dkt. no. 8, Pl.'s Compl.

2. Plaintiff's Complaint alleges that Continental Casualty Company ("CNA") breached its liability insurance policy ("Policy") with Plaintiff by refusing to defend and/or indemnify Plaintiff up to the aggregate limits in the Policy, following the collapse of two pedestrian bridges and the related claims asserted against Plaintiff by ZAIC and the above-captioned co-Defendants. Id. at pp. 5-11.

1

3.     **Plaintiff's Complaint does not assert _any_ causes of action against ZAIC, or even set forth a single allegation against ZAIC**.  Id. at pp. 5-7.  It also does not allege joint, several, or alternative rights to relief; identify a common question of law or fact; or otherwise demonstrate that ZAIC is a necessary party.  Id. Further, it is undisputed that ZAIC neither is nor was a party to the Policy.

4.     Indeed, the only references to ZAIC in Plaintiff's Complaint - other than jurisdictional and party descriptive allegations - are the following:

    a.   A bald allegation that ZAIC is named "in order to adjudicate any rights they have, or allegedly have, under the insurance policy at issue" (id. at ¶3);

    b.   A description of Zurich's underlying claim against Plaintiff (id. at ¶¶52, and 54-61);

    c.   A reference that the claims of Zurich and the co-Defendants will exceed the single limit occurrence in Plaintiff's Policy with CNA (id. at ¶78); and

    d.   A prayer for relief, which includes Zurich's undefined claim. (id. at p. 13).

5.     Plaintiff does not seek to adjudicate ZAIC's entitlement to or the quantum of its underlying claim, and this Honorable Court's determination of whether the CNA Policy affords certain coverage to Plaintiff will not affect ZAIC's entitlement to or quantum of its separate claims against Plaintiff.

6.     Additionally, co-Defendant Clark Nexsen, Inc. recently moved this Honorable Court for misjoinder, setting forth the same argument which ZAIC has asserted on November 16, 2016, and this Honorable Court granted that motion.  _See_ ECF Dkt. no. 47.

WHEREFORE, for the reasons more fully set forth in ZAIC's contemporaneously filed Memorandum in Support of this Motion for Misjoinder, ZAIC respectfully requests this Honorable Court to drop ZAIC as a party, dismissing it from this Action, and to grant ZAIC any other relief this Honorable Court deems just and proper.

BUTLER WEIHMULLER KATZ CRAIG, LLP

s/ T. Nicholas Goanos_____
L. Andrew Watson
N.C. Bar No.:  41812
T. Nicholas Goanos
N.C. Bar No.:  45656
11605 North Community House Road, Suite 150
Charlotte, NC  28277
PH:    (704) 543-2321
FX:    (704) 543-2324
E:      awatson@butler.legal
         ngoanos@butler.legal

*Attorneys for Zurich American Insurance Company*

## <u>CERTFICATE OF SERVICE</u>

The undersigned hereby certifies that he has filed the foregoing this  21st  day of December 2016 through the Court's CM/ECF system and that all parties to this action will be served through that system.

s/ T. Nicholas Goanos_____
T. Nicholas Goanos

3