IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-377-F

| | |
|---|---|
| STEWART ENGINEERING, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONTINENTAL CASUALTY )<br>COMPANY, ZURICH AMERICAN )<br>INSURANCE COMPANY, SKANSKA )<br>USA BUILDING, INC., and CLARK )<br>NEXSEN, INC., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Before the court is Zurich American Insurance Company's ("Zurich") motion for misjoinder pursuant to Rule 21 of the Federal Rules of Civil Procedure. [DE 48]. Plaintiff did not respond.

## I. BACKGROUND

Plaintiff brings suit against its insurer, Continental Casualty Company ("CNA"),[1] pursuant to 28 U.S.C. § 2201 seeking an adjudication of its rights and obligations under the Architects/Engineers Professional and Pollution Incident Liability Insurance ("the Policy") issued by CNA. In particular, Plaintiff seeks a declaration that CNA is obligated to defend and indemnify Plaintiff in connection with claims asserted by Zurich and co-defendants Clark Nexsen, Inc. and Skanska USA Building, Inc. ("Skanska")[2] against Plaintiff relating to the

---

[1] The parties identify Continental Casualty Company by the acronym, CNA. For consistency purposes, the court does the same.

[2] Plaintiff classifies the claims as follows: (1) the Rosales-Nava/Lopez claims; (2) the Chavez/Hernandez/Vargas claims; (3) the Skanska/Zurich claims; (4) the Clark Nexsen claim; and (5) the WTCC

separate collapses of two pedestrian bridges located on the Wake Technical Community College ("WTCC") Northern Campus in Raleigh, North Carolina ("the project").

According to the amended complaint, WTCC contracted with Skanska to provide construction management services for the project. Am. Compl. ¶ 19. Skanska in turn sought a builder's risk policy for the project from Zurich, its insurer. *Id.* ¶ 52. On November 13, 2014, the first bridge collapsed. The second bridge collapsed on November 14, 2014. *Id.* ¶¶ 27-28. Subsequently, Skanska asserted claims for damages exceeding $4,800,000 against Plaintiff. *Id.* ¶ 56. On March 2, 2015, Plaintiff received a letter from Zurich regarding its subrogation interest in Skanska's claims. *Id.* ¶ 54. Skanska's claims associated with the first bridge collapse have been resolved – those associated with the second bridge collapse have not. *Id.* ¶ 58.

In April 2015, Plaintiff contacted CNA regarding coverage for claims made against the Policy associated with the collapsed bridges. *Id.* ¶ 71. CNA informed Plaintiff that the Policy's per claim $3,000,000 limit of liability applied to all claims arising out of the collapse of both bridges. *Id.* Plaintiff disputes CNA's interpretation of the Policy and argues CNA has an obligation to indemnify Plaintiff up to the aggregate policy limit of $5,000,000. *Id.* ¶ 2.

## II. LEGAL STANDARD

Rule 21 governs the misjoinder of parties and allows the court to, *inter alia*, drop a party. FED. R. CIV. P. 21. "Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit." *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004). Misjoinder occurs when a single party or multiple parties fail to satisfy the requirements for permissive joinder under Rule 20. *See id.* Under Rule 20, multiple defendants may be joined in one action where: (1) "any right to relief is

---

claims. These claims include wrongful death, personal injury and property damage. Am. Compl. ¶ 2.

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). It is well-settled that a district court has broad discretion under Rule 21. Matthew Bender, Moore's Federal Practice § 21.05 (3d ed. 2011) ("Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it.").

### III. DISCUSSION

Plaintiff brings two causes of action: (1) declaratory judgment and (2) breach of contract. Both claims are against CNA only. Plaintiff asserts no claims against Zurich. Rather, in its amended complaint, Plaintiff states only that Zurich is "named in this action in order to adjudicate any rights [it has], or allegedly ha[s], under [the Policy]."[3] Am. Compl. ¶ 3. Moreover, there is no question of law or fact common to all defendants. Plaintiff brought this action seeking a declaration that CNA is obligated to defend and indemnify Plaintiff up to the aggregate limit ($5,000,000.00) of the Policy and that in failing to defend and indemnify Plaintiff, CNA breached its obligation under the Policy. Accordingly, the court finds the dismissal of Zurich pursuant to Rule 21 is appropriate.

---

[3] Plaintiff also provides the same rationale for naming Clark Nexsen, Inc. and Skanska as defendants. Am. Compl. ¶ 3. On November 16, 2016, the court dismissed Clark Nexsen, Inc. without prejudice from this action. [DE 47].

## IV. CONCLUSION

For the foregoing reasons, Zurich's Motion for Misjoinder [DE 48] is ALLOWED. Zurich is DISMISSED WITHOUT PREDJUDICE from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

SO ORDERED.

This the 31st day of January, 2017.

*/s/ James C. Fox*
**JAMES C. FOX**
Senior United States District Judge